

DIRECT DIAL NUMBER:                                                                    Linda Dale Hoffa
(267)767-7288                                                                   lhoffa@dilworthlaw.com

June 8, 2020

**VIA ELECTRONIC FILING**

The Honorable Anita Brody
United States District Court Judge
U.S. Courthouse, Room 7613
601 Market Street
Philadelphia, PA 19106-1717

    **RE:** *Brown et al. v. Marler*, **Case No. 2:20-cv-01914**

Dear Judge Brody:

  Petitioners appreciate this Court's ongoing attention to this case, including to the jurisdiction issues presently pending before it. Petitioners write in response to Respondent's letter on supplemental authority, Doc. 63, as well as the Government's two most recent notices to this Court about additional positive COVID test results. Docs. 61-62.

  First, the Government's citations to supplemental authority do not support the proposition that this court lacks jurisdiction. Although the Government correctly notes that Justice Sotomayor temporarily stayed the orders issued by the District Court in *Williams v. Wilson*, --U.S.--, 2020 WL 2988458 (June 4, 2020), the Government avoids saying—as it must—that such a stay resolves the jurisdiction question in its favor. Indeed, as Petitioners have noted previously, the Supreme Court allowing the case to proceed at all confirms subject matter jurisdiction for the claims. Doc. 60. The Government's repeated reference to it as a "stay of the exercise of jurisdiction," Doc. 63 at 1, wrongly implies that stays need say anything about jurisdiction at all. Courts issue stays for many reasons, and notably, the Government's pending appeal of *Wilson* in the Sixth Circuit, argued on Friday, does not primarily deal with jurisdiction. Even if the Sixth Circuit reverses the injunctive orders, it may well do so in a way that confirms

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200
www.dilworthlaw.com • Cherry Hill, NJ • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

Hon. Anita Brody
June 8, 2020
Page 2


jurisdiction.[1]

  Second, the Government's citation to *South Bay United* misses the mark. For one thing, the standard at that posture required the stay applicants to demonstrate "that it is indisputably clear that the Government's limitations are unconstitutional." *South Bay United Pentecostal Church v. Newsom*, -- U.S. --, 2020 WL 2813056, *3 (May 29, 2020). More importantly, even besides the substantial difference in standard and subject matter, *South Bay United* stands just as clearly for the proposition that federal courts should not prevent Government entities from taking drastic action to protect people from the spread of COVID-19. The Government here invokes that stay denial not against prisoners seeking to overturn carefully considered protective measures, but instead, against prisoners seeking more protection, and has done so just one day after acknowledging that FDC detainees have somehow contracted COVID-19 while in the FDC quarantine unit.

  The Government's invocation of *South Bay United*, in which the Ninth Circuit and the Supreme Court credited drastic steps taken by the Governor of California, stands in stark contrast to the facts of this case. While jail systems across the country, including the Philadelphia[2] and Montgomery[3] county jail systems, test *every* prisoner or detainee in their care, the FDC has only just now—more than two months after the onset of the pandemic—started testing detainees at entry. And upon doing so, the FDC has immediately turned up three more detainees with COVID-19. When (If?) they undertake appropriate contact tracing and testing, almost certainly more will emerge. This confirms Petitioners' repeated assertions that the Government's failure to test amounted to little more than sticking its head in the sand, and the Government cannot seriously liken its long delay and failure to test to Governor Newsom's proactive shutdown of large gatherings.

---

[1] For the same reasons, suggesting that two different District Court injunctions recounted in Petitioners' supplemental authority letter, Doc. 60, are "plainly in jeopardy" as a result of the *Wilson* stay, Doc. 63 at 1, has no basis. Respondent does not address the Solicitor General's characterization of jurisdictional issues in the stay petition at all. And in citing a case that recites the basic stay standard without acknowledging the many bases—including many not at issue here—that might support a stay, the Government demonstrates it does not have any authority for the assertion that a stay issued in one case on a non-jurisdictional basis would jeopardize jurisdiction in another case.

[2] https://billypenn.com/2020/05/19/philly-will-now-test-everyone-in-its-jails-for-the-coronavirus/

[3] https://www.inquirer.com/news/coronavirus-testing-montgomery-county-jail-asymptomatic-philadelphia-prisons-20200428.html

Hon. Anita Brody
June 8, 2020
Page 3

Indeed, the Government's disclosures, Docs. 61-62, raise more questions than they answer, and confirm the need for this Court to exercise jurisdiction and move the parties along to full discovery. Those questions include, but are not limited to:

1) Is the Abbott ID test persistently failing to identify positive people at entry, or have several detainees contracted COVID-19 *while in quarantine*?

2) If detainees test positive in the more restricted conditions of quarantine, how many would test positive across the whole facility?

3) If people who test positive in quarantine have their quarantine extended, is the FDC undertaking any procedures to ensure that those detainees still have robust access to counsel—an especially vital question given that they may have the most immediate need for bail motions—and support for their mental health during prolonged individual isolation?

4) Does the FDC and the BOP continue to have different entry procedures for people who transfer to the FDC from another BOP facility—a question made all the more important in light of the BOP's recent resumption of intra-facility transfers?

Petitioners have asked Respondent some of these questions privately, and received little in return other than an assertion of the Government's stated position about jurisdiction and its lack of obligation to provide additional information to Petitioners about the spread of COVID-19 in the FDC. *See* Ex. 1. Accordingly, Petitioners appreciate the Court's ongoing attention to the extraordinary circumstances at the FDC, and to this litigation.

Respectfully,

/s/ *Linda Dale Hoffa*

Linda Dale Hoffa

cc:     All counsel of record by ECF