# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY BROWN, et al., | : | |
|     Petitioners, | : | CIVIL ACTION |
| | : | No. 20-1914 |
| v. | : | |
| SEAN MARLER, | : | |
|     Respondent. | : | |

## ORDER

**AND NOW**, this 15th day of September, 2020, it is **ORDERED** that:

- The Court **DENIES** Respondent's Motion to Dismiss the Petition and Class Action Complaint on the issue of jurisdiction (ECF No. 12)[1].

- Petitioners are entitled to discovery limited to an on-site inspection by an expert.

---

[1] The Third Circuit's recent precedential opinion in *Hope v. Warden of York County*, -- F.3d --, 2020 WL 5001785, at *21 (3d Cir. Aug. 25, 2020) plainly provides that this Court has jurisdiction to hear Petitioners' §2241 petition for release. In *Hope*, the Third Circuit explained that §2241 is a proper avenue to challenge unconstitutional conditions of confinement and seek release. *Id*. In doing so, the *Hope* court maintained that habeas is an extraordinary remedy. *Id*. The *Hope* court followed by declaring that the COVID-19 pandemic satisfied the "extraordinary circumstances" necessary to seek release on the basis of unconstitutional conditions of confinement. *Id*. The Government relies on *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d. Cir. 2018) and *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012) to argue that §2241 is not a proper avenue for pre-trial detainees and post-sentence prisoners to challenge unconstitutional confinement conditions. *Hope* cannot, nor does it purport to, overrule *Reese* or *Cardona*. Indeed, *Hope* clarifies that COVID-19 meets the "exceptional circumstances" that the *Reese* court affirmed were necessary for a pre-trial detainee to seek release under habeas. *Reese*, 904 F.3d at 246 n.2 (citing *Jones v. Perkins*, 245 U.S. 390, 391 (1918)). And *Cardona*, notably written by Chief Judge D. Brooks Smith who joined the opinion in *Hope*, held that a post-sentence prisoner could not use §2241 to challenge confinement conditions where Petitioner sought a remedy short of release. 681 F.3d at 537-38. *Hope*, on the other hand, makes clear that when the remedy is release, and extraordinary circumstances like that of COVID-19 are present, habeas is appropriate.

- Petitioners must submit the name and resume of the expert to Respondent on or before **Friday, September 18, 2020 at 12:00 pm.** The expert must test negative for COVID-19 before the on-site inspection.

- On **Monday, September 21, 2020 at 12:00 pm** the Court will hold a final conference with Petitioners and Respondent on this matter.

      _s/ANITA B. BRODY, J._  
      ANITA B. BRODY, J.

Copies **VIA ECF** on 09/15/2020