IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY BROWN, et al., | : | |
| Petitioners, | : | CIVIL ACTION |
| | : | No. 20-1914 |
| v. | : | |
| | : | |
| SEAN MARLER, | : | |
| Respondent. | : | |

## JOINT INSPECTION PROTOCOL

1.      The parties submit the following joint protocol regarding an inspection of the Federal Detention Center (FDC) in Philadelphia to be conducted by Petitioners' expert, Dr. Homer D. Venters, and Respondent's expert, Dr. Rebecca A. Lubelczyk ("the Inspectors").

2.      By consent of the parties, an inspection of the FDC is to be conducted by the Inspectors on October 8, 2020, starting at 9:00 a.m., and continuing for no longer than four hours from when the Inspectors have passed through security, with a reasonable amount of additional time added for delays encountered during the inspection not attributable to the Petitioners.

3.      The Inspectors shall be allowed to enter the FDC and inspect the following areas of the FDC:

> a)  The staff entryway;
>
> b)  The Receiving and Discharge area, provided that it is not occupied by an inmate undergoing intake procedures;

1

c)  Unit 4 North, where Petitioners Timothy Brown and Anthony Hall currently reside;

d)  Unit 3 North, the quarantine and isolation unit, where Petitioner Myles Hannigan currently resides;

e)  Any other housing, quarantine, or isolation unit where any Petitioner is located at the time of the inspection;

f)  Other housing unit(s) chosen by the Inspectors, recognizing that all two-tier housing units are substantially identical to one another; and

g)  The health services unit.

The Inspectors' inspection of these areas will be subject to the following limitations and exceptions:

a)  Any inspection of the Special Housing Unit will be limited to the female range on the South Tower, which can be used to house female inmates in quarantine or isolation;

b)  Neither Inspector shall be allowed entry into any medical unit or area in which a detainee (other than a Petitioner) is in the process of receiving medical evaluation or treatment from medical staff, but Respondent will ensure that the Inspectors are allowed reasonable time otherwise to inspect medical units during their inspections; and

c) The Inspectors shall immediately follow the directions of BOP staff to exit any area of the FDC upon the BOP's determination (in its sole discretion) that remaining in an area of the FDC would be unsafe or impede prison management based on exigent circumstances occurring at the time.

4. The Inspectors will be allowed to bring writing pads and writing implements. Cell phones are not allowed in the FDC, and the Inspectors shall not bring cell phones or other electronics to the FDC.

5. Each Inspector shall be tested for COVID-19 within 72 hours prior to the inspection and shall attend the inspection only upon receipt of a negative result to that test. Counsel for the parties shall file with the Court ahead of the inspection a letter confirming that negative test results have been received.

6. One attorney of record for each party may also be present at the inspection, and the limitations specified above in paragraphs 3, 4, and 5 shall also be applied to these attorneys for the parties. At least 24 hours before the time of the inspection, counsel for Petitioners shall provide to counsel for Respondent the name of the attorney attending the inspection for Petitioners, which counsel for Respondent will provide to the FDC.

7. The FDC shall provide a digital camera and photographer during the inspection. The photographer designated by FDC shall take still photographs during the inspection as directed by the Inspectors. Counsel for the parties may review each

photograph on the camera and direct reasonable retakes as needed. No photographs may be taken of staff or inmates. Following the inspection, Respondent shall review the photographs, determine whether any present a security concern, and release all acceptable photographs to counsel for the Petitioners within 24 hours of the inspection. If any photograph presents security concerns, the parties shall meet and confer and attempt to resolve those concerns; the parties will raise any issue they cannot resolve with the Court. Photographs taken during the inspection may be subject to a subsequent limited protective order entered into by the parties with the Court's approval.

7.      The Health Services Administrator for the FDC shall be available to assist FDC personnel in guiding the Inspectors to medical areas and in answering reasonable factual questions posed by the Inspectors about FDC's policies and procedures and the provision of medical care related to COV1D-19. The FDC Safety Administrator shall also be available to answer reasonable factual questions posed by the Inspectors about the FDC's policies and procedures related to COVID-19. The inspectors shall jointly be allowed to have brief voluntary conversations with FDC staff encountered along the way during the inspection. "Voluntary conversations" are understood as conversations in which the staff member is advised that he or she is free to accept or refuse the opportunity to speak to the Inspectors. The FDC shall not retaliate against any staff member for speaking with, or declining to speak with, the Inspectors. Questions relating to FDC policy shall be directed only to the Health Services

Administrator and Safety Administrator, and not to other staff encountered during the tour.

8.      The Inspectors shall be allowed to interview the Petitioners, and the FDC will make the Petitioners available for that purpose. The Inspectors shall also be allowed to conduct voluntary conversations with other detainees if: (a) the detainee consents in advance to speak with the Inspectors, (b) the attorney for the detainee, if represented by an attorney, has consented in writing in advance to the detainee speaking to the Inspectors, and (c) the detainee's name has been provided to the FDC by counsel for Petitioners before the inspection. At the request of the detainee being interviewed, these interviews may be conducted out of the earshot of FDC staff and other inmates, although the detainee being interviewed must remain within the line of sight of FDC staff at all times. All interviews shall be conducted in the presence of both Inspectors and counsel for all parties. All interviews shall be conducted in English. Other than as provided in this paragraph, the Inspectors shall not interview FDC inmates.

9.      The Inspectors and attorneys for the parties will each provide his or her own appropriate Personal Protective Equipment ("PPE"), which must include a mask and which may also include a face shield and gown. Each Inspector may also bring with him or her a tape measure for use during the inspection, provided that, at least 24 hours before the time of the inspection, counsel for Petitioners must advise counsel for Respondent (who shall advise the FDC) if Petitioners' Inspector plans to bring a tape measure to the inspection.

10.     The FDC will provide a separate set of PPE for each Inspector and attorney for him or her to wear while inside Unit 3 North. The FDC will also provide a suitable area for performing PPE swaps before and after the Inspectors visit Unit 3 North.

11.     Prior to the inspection, counsel for Respondent will provide to counsel for Petitioners:

    a)  Any documents that have been added to the medical records of Petitioners since Petitioners' medical records were produced, in the context of this litigation, on April 20, 2020;

    b)  Publicly available BOP action plans;

    c)  Current versions of the forms used for inmate and staff COVID-19 screening;

    d)  Sick call slips submitted by detainees on October 2, 5, 6, and 8, 2020 (with slips submitted on October 2 and 5 to be produced on a rolling basis before the inspection, and slips submitted on October 6 and 8 to be produced after the inspection), all of which shall be redacted of detainees' names and any other identifying information before being provided to counsel for Petitioners; and

    e)  Any staff screening forms completed during the week from October 1 through October 8, 2020 (recognizing that staff screening forms are completed only in the case of an affirmative

response to a screening question), all of which shall be redacted of staff names and any other identifying information before being provided to counsel for Petitioners.

12.     Subsequent to the inspection, each Inspector shall prepare his/her written report for the benefit of the Court in accordance with the following schedule:

a)  Inspection report of each Inspector to be served on opposing counsel on October 23, 2020.

b)  Rebuttal reports of each Inspector to be served on opposing counsel on October 30, 2020.

The reports shall not use any personally identifying information for detainees or staff who are not parties to the above-captioned litigation, and the reports may be subject to a subsequent limited protective order entered into by the parties with the Court's approval. All reports (opening and rebuttal) shall be filed provisionally under seal after being served on October 30, 2020, and the parties shall thereafter confer regarding any necessary redactions. The parties shall publicly file redacted versions of the reports, if necessary, or ask the Court to unseal the reports, if redactions are not necessary, on November 6, 2020. No report (whether opening or rebuttal) shall be publicly disclosed prior to its public filing or unsealing.

It is SO ORDERED

 s/ANITA B. BRODY, J.
_____
ANITA B. BRODY, J.

Dated: _____ OCTOBER 6, 2020